cal_____

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| ROBERT MARTEL ALMARAZ, | ) | Civil No.06cv2637 LAB(AJB) |
|---|---|---|
| Petitioner, | ) ) | Order Denying Petitioner's Motion to for Judicial Notice of Exhibits and Granting |
| v. | ) ) | Petitioner Final Extension of time in which |
| J. TILTON, WARDEN, | ) ) | to File Objections to Respondent's Motion to Dismiss |
| Respondent. | ) ) | [Doc. No. 10] |

Petitioner filed a motion to lodge exhibits and a motion requesting the Court take judicial notice of the lodged exhibits. Pursuant to Rule 201 , a court may take judicial notice of adjudicative facts "not subject to reasonable dispute." Fed. R. Evid. 201(b). Facts are indisputable, and thus subject to judicial notice, only if they are either "generally known" under Rule 201(b)(1) or "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned" under Rule 201(b)(2). Taking judicial notice of findings of fact from another case exceeds the limits of Rule 201 . *See M/V Am. Queen v. San Diego Marine Constr. Corp.*, 708 F.2d 1483, 1491 (9th Cir.1983) (stating general rule that "a court may not take judicial notice of proceedings or records in another cause so as to

supply, without formal introduction of evidence, facts essential to support a contention in a cause then before it").[1]

As such, Petitioner's documents will be lodged with the Court and become part of the record to be considered in this case, however, Petitioner's motion requesting the Court take judicial notice of the exhibits filed is DENIED as judicial notice of these exhibits is not appropriate for the reasons set forth above.

Petitioner was granted an extension of time to file an Opposition to Respondent's Motion to Dismiss. Petitioner was to file his Opposition on or before April 17, 2007, however, as of the date of this Order, nothing has been received. As such, the Court hereby GRANTS Petitioner a final extension of time to file an Opposition. Petitioner's Opposition must be filed on or before June 18, 2007, or the Court will issue a Report and Recommendation on Respondent's Motion to Dismiss based upon the merits of the motion, Petition and exhibits filed to date in this case.

IT IS SO ORDERED.

DATED: May 18, 2007

_____
Hon. Anthony J. Battaglia
U.S. Magistrate Judge
United States District Court

---

[1] Factual findings in one case ordinarily are not admissible for their truth in another case through judicial notice. See 21 Charles Alan Wright & Kenneth A. Graham, Jr., Federal Practice & Procedure § 5106 (Supp.2001) (stating "courts should distinguish between taking judicial notice of the truth of some extrajudicial fact recited in a court record and the use of those facts for some purpose that does not depend on the truth of the facts recited"). In agreement with M/V Am. Queen, other circuits have held that a court may not take judicial notice of findings of fact from a different case for their truth. *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 830 (5th Cir.1998); *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir.1998); *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1082-83 & n. 6 (7th Cir.1997); *Orix Credit Alliance, Inc. v. Delta Res., Inc.* (In re Delta Res., Inc.), 54 F.3d 722, 726 (11th Cir.1995); *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir.1994); *Holloway v. Lockhart*, 813 F.2d 874, 878-79 (8th Cir.1987).