1

2

3

4

5

6

7

8          **UNITED STATES DISTRICT COURT**

9          **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   ROBERT M. ALMARAZ,                              CASE NO. 06CV2637-LAB (AJB)

12                                   Petitioner,     **ORDER DENYING AS MOOT**
                                                     **RESPONDENT'S MOTION TO**
13           vs.                                     **DISMISS**

14   JAMES TILTON, Secretary, CALIF.
     DEPT. OF CORR. & REHAB,
15
                                 Respondent.
16

17          On November 15, 2006, Petitioner, a California state prisoner, filed a petition for writ

18   of habeas corpus pursuant to 28 U.S.C. § 2254 in the U.S. District Court for the Central

19   District of California.  Because Petitioner is in custody in this district, his petition was

20   transferred to this Court on November 27, 2006.  On March 26, 2007, Respondent filed a

21   motion to dismiss the petition, but never filed an answer or motion for summary judgment.

22   On December 13, 2007, Magistrate Judge Battaglia issued his report and recommendation

23   (the "R&R") recommending the motion to dismiss be granted and the petition be dismissed

24   with leave to amend.  After receiving the R&R, Petitioner immediately submitted an amended

25   petition for filing, attempting to correct the deficiencies noted in the R&R.

26          Pursuant to Fed.  R.  Civ.  P.  15(a)(1)(A), if a party's pleading is one to which a

27   responsive pleading is allowed (as is the case here), a party may amend his pleading once

28   as a matter of course before being served with a responsive pleading.  This rule applies to

                                              - 1 -                                    06CV2637

1   habeas petitions. *Anthony v. Cambra*, 236 F.3d 568, 574 (9th Cir. 2000) (citation omitted).

2   Although Respondent filed a motion to dismiss, he did not file an answer or a motion for

3   summary judgment.   As the Ninth Circuit has explained, a motion to dismiss is not a

4   responsive pleading within the meaning of Rule 15(a). *Rhoades v. Avon Products, Inc.*, 504

5   F.3d 1151, 1158 (9th Cir.  2007) (citing *Miles v. Dep't of Army*, 881 F.2d 777, 781 (9th Cir.

6   1989)).

7          Although the petition was styled "Second Amended Petition," it is actually the first

8   amended petition.   Therefore, the Court accepted it by discrepancy order on January 17,

9   2008, directing that it be filed *nunc pro tunc* to January 15, 2008.

10         The filing of the amended petition renders Respondent's motion to dismiss moot.

11  Because of these changed circumstances, the Court rejects the R&R's recommendations,

12  *see* 28 U.S.C. § 636(b)(1)(C), and **DENIES AS MOOT** Respondent's motion to dismiss.

13

14         **IT IS SO ORDERED**.

15  DATED:  January 18, 2008

16

17         **HONORABLE LARRY ALAN BURNS**
    United States District Judge

18

19

20

21

22

23

24

25

26

27

28