cal_____

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBERT MARTEL ALMARAZ, | ) | Civil No.06cv2637 LAB(AJB) |
| | ) | |
| Petitioner, | ) | **REPORT AND RECOMMENDATION** |
| v. | ) | **GRANTING DEFENDANT'S MOTION** |
| | ) | **TO DISMISS FIRST AMENDED** |
| J. TILTON, WARDEN, | ) | **PETITION FOR WRIT OF HABEAS** |
| | ) | **CORPUS** |
| Respondent. | ) | |
| | ) | [Doc. No. 22, 27.] |

Petitioner Robert Martel Almaraz (hereinafter "Petitioner"), a state prisoner proceeding *pro se*, filed an amended[1] petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On March 10, 2008, Respondent filed a motion to dismiss the amended petition for writ of habeas corpus.  Petitioner filed an opposition on May 6, 2008.  In the opposition, Petitioner filed a request for judicial notice and request for evidentiary hearing.  This Court has reviewed the amended petition for writ of habeas corpus, Respondent's motion to dismiss, Petitioner's opposition and all supporting documents.  After a thorough review, this Court **RECOMMENDS** that Respondent's motion to dismiss be **GRANTED** and the petition **DISMISSED** with prejudice for failure to timely file within the statute of limitations period.  The Court also **GRANTS** Petitioner's request for judicial notice and **DENIES** Petitioner's request for evidentiary hearing as **MOOT.**

---

[1] Petitioner improperly labels his amended petition as "Second Amended Petition For Writ of Habeas Corpus."

1                                                                                                                06cv2637

**Background**

On February 13, 1984, Petitioner was convicted of one count of involuntary manslaughter in violation of California Penal Code ("Penal Code") section 192.2, one count of robbery in violation of Penal Code section 211, and two counts of kidnapping in violation of Penal Code section 207. (Lodgment 1 filed on March 26, 2007.) On April 5, 1984, Petitioner pled guilty to second degree murder in violation of Penal Code section 187. (Id.) On May 16, 1984, Petitioner was sentenced to an indeterminate term of fifteen years to life for second degree murder and a determinate term of twelve years and eight months for involuntary manslaughter, two counts of kidnapping and robbery. (Id.)

On November 7, 2002, Petitioner appeared before the Board of Prison Terms[2] for a parole consideration hearing. (Lodgment 2 filed on March 10, 2008.) At that hearing, he was denied parole for a one year period. (Id. at 88.) On March 28, 2003, Petitioner filed an administrative appeal to the Board's decision. (Lodgment 3 filed on March 10, 2008.) The appeal was denied on May 6, 2003. (Lodgment 4.)

On April 12, 2004, Petitioner filed a petition for writ of habeas corpus in state court which was denied on August 23, 2004. (Lodgment 5.) On March 3, 2005, Petitioner filed a petition for writ of habeas corpus before the Court of Appeal. (Lodgment 6.) That petition was denied on July 7, 2005.[3] (Lodgment 7 & 8.) On November 4, 2005, Petitioner filed a petition in the California Supreme Court which was denied on August 23, 2006. (Lodgment 9 & 10.)

On November 15, 2006, Petitioner filed a petition in the District Court for the Central District of California. On November 27, 2006, the matter was transferred to this district. On March 26, 2007, Respondent filed a motion to dismiss the habeas petition for failure to state a claim. Petitioner filed an opposition on June 14, 2007. On December 13, 2007, the Court issued a report and recommendation granting Respondent's motion to dismiss for failure to state a claim. On January 17, 2008, Plaintiff filed

---

[2] The Board of Prison Terms is now known as the Board of Parole Hearings. Cal. Penal Code § 5075.

[3] Petitioner filed a motion for reconsideration of the Court of Appeal's order denying his petition. (Pet'r Opp., Ex. C.) On August 2, 2005, the motion was returned because the court no longer had jurisdiction over the matter. (Id.) He filed another motion for reconsideration on September 21, 2005. (Id., Ex. D.) On September 23, 2005, the motion was returned because the court wrote that a denial of a writ is final upon its filing. (Id.)

an amended petition challenging the parole hearing decision on November 7, 2002. He claims that the Board of Parole Hearings breached Petitioner's plea agreement violating his right to due process, equal protection, and Article I, Section 9 of the United States Constitution. On January 18, 2008, District Judge Larry A. Burns issued an order denying Respondent's motion to dismiss as moot.

On March 10, 2008, Respondent filed a motion to dismiss the amended petition for writ of habeas corpus. Petitioner filed an opposition on May 6, 2008. He also filed a request for judicial notice of his exhibits containing court filings and a motion for evidentiary hearing.

## Discussion

**A.    Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), effective April 24, 2006, provides for a one-year limitations period for state prisoners to file a habeas petition in federal court. See 28 U.S.C. § 2244(d). The provision applies to habeas petitions challenging state administrative decisions. Shelby v. Bartlett, 391 F.3d 1061, 1063 (9th Cir. 2004); Redd v. McGrath, 343 F.3d 1077, 1084-85 (9th Cir. 2003) (parole board decision). Parole board decisions are presumed to be covered by the limitations rule. Redd, 343 F.3d at 1080 n. 4 (assuming without deciding that the AEDPA statute of limitations applies to parole board decisions).

Where a habeas petitioner challenges an administrative decision, the limitations period begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D); Shelby, 391 F.3d at 1066; Redd, 343 F.3d at 1080-83. When the challenged administrative decision is a parole board decision, the statutory period begins on "the date the parole board's decision becomes final." Redd, 343 F.3d at 1084.

In this case, Petitioner challenges the November 7, 2002 parole board denial which was finalized on May 6, 2003 when the administrative appeal was denied. The statutory limitations period began to run on May 7, 2003, the day after Petitioner received notice that the California Board of Prison Terms denied his appeal. See Redd, 343 F.3d at 1082. Therefore, the one-year statute of limitations expired on May 8, 2004.

Petitioner appears to argue that the statute of limitations does not run or apply unless the state court denies his petitions on timeliness grounds. Since no state court made that determination, he claims

his petition is timely. However, that is not the standard. Based on the case law, the one-year statute of limitations ran on May 8, 2004. Since his current petition was filed on November 15, 2006, over two years past the expiration date, the one-year statute of limitations expired. His petition is untimely unless 1) the AEDPA's statutory tolling provision brings him within the limitations period, or 2) the doctrine of equitable tolling applies to extend the filing deadline.

### 1. Statutory Tolling

AEDPA's statutory tolling provision provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2). The AEDPA one-year limitations period is tolled during the period of time a petitioner seeks post-conviction relief in state court. Tolling begins "from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

Tolling began when Petitioner filed his state habeas petition on April 12, 2004, 342 days past the date that the statute of limitations began to run on May 7, 2003. Therefore, 23 days remained before the statute of limitations period expired. The California Supreme Court denied his petition on August 23, 2006 which started the statute of limitations period again. Petitioner filed his petition in federal court on November 15, 2006 which is well beyond the 23 days remaining before the statute of limitations expired. Therefore, the statutory tolling provision does not apply to Petitioner.

### 2. Equitable Tolling

Equitable tolling applies to AEDPA's one-year statute of limitations. Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States Dist. Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998). Equitable tolling will be allowed only if Petitioner demonstrates "extraordinary circumstances" beyond his/her control that make it impossible to file a petition on time. Id. (citing Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir.1997)).

Here, Petitioner has not argued that he is entitled to equitable tolling and the Court cannot glean from the record any reason why equitable tolling would apply to this case. Therefore, equitable tolling does not apply.[4]

**B.     Request for Judicial Notice and Evidentiary Hearing**

In the opposition, Petitioner requests judicial notice of his exhibits which contain court filings. Federal Rule of Evidence 201 provides: "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is . . . (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably be questioned." Fed. R. Evid. 201(b). Judicial notice may be taken of court records. See Mullis v United States Bank. Ct., 828 F.2d 1385, 1388 n. 9 (9th Cir. 1987); San Luis v. Badgley, 136 F. Supp.2d 1136, 1146 (E.D.Cal. 2000) (federal courts may "take judicial of proceedings in other courts . . . if those proceedings have a direct relation to the matters at issue.") Here, Petitioner provides the Court with his habeas state court filings. Since the Court may take judicial notice of other court filings, the Court GRANTS Petitioner's request for judicial notice. Petitioner also requests an evidentiary hearing on the merits of his case. However, since the Court has determined that his petition is not timely and recommends that the petition be dismissed, the Court DENIES his request for an evidentiary hearing as moot.

**Conclusion**

Based on the foregoing, the undersigned Magistrate Judge recommends that Respondent's motion to dismiss be **GRANTED** and the Petition **DISMISSED** with prejudice for failure to timely file within the statute of limitations period. The Court also **GRANTS** Petitioner's request for judicial notice and **DENIES** Petitioner's request for evidentiary hearing as **MOOT**. This report and recommendation is submitted by the undersigned Magistrate Judge to the United States District Judge assigned to this case, pursuant to the provisions of Title 28, United States Code, section 636(b)(1).

**IT IS ORDERED** that no later than **June 23, 2008**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

---

[4] Since the petition is not saved from the statute of limitations deadlines, the Court need not address the issue of exhaustion.

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **July 7, 2008**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

DATED: May 13, 2008

_____
Hon. Anthony J. Battaglia
U.S. Magistrate Judge
United States District Court