# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT M. ALMARAZ,<br><br>　　　　　　　　　Petitioner,<br>　vs.<br><br>JAMES TILTON, Secretary, CALIF. DEPT. OF CORR. & REHAB,<br><br>　　　　　　　　　Respondents. | CASE NO. 06CV2637-LAB (AJB)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

　　Petitioner, a prisoner proceeding *pro se*, filed his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent moved to dismiss, and the motion was referred to Magistrate Judge Anthony Battaglia for report and recommendation pursuant to 28 U.S.C. § 636. On May 13, 2008, Judge Battaglia issued his report and recommendation (the "R&R"), recommending denial of the writ. The parties were directed to file any objections they might have to the R&R and were advised that failure to file objections within the time permitted may waive the right to raise those objections on appeal. No objections were received within the time permitted, nor has Petitioner sought leave to file objections late.

　　A district judge "may accept, reject, or modify the recommended decision" on a dispositive matter prepared by a magistrate judge proceeding without the consent of the parties for all purposes. Fed. R. Civ. P. 72(b); *see* 28 U.S.C. § 636(b)(1). "The court shall make a de novo determination of those portions of the [report and recommendation] to which

objection is made." 28 U.S.C. §636(b)(1). Section 636(b)(1) does not require some lesser review by the district court when no objections are filed. *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985). "The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations *de novo* <u>if objection is made</u>, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc), *cert. denied*, 540 U.S. 900 (2003); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1225–26 & n.5 (D. Ariz. 2003) (applying *Reyna-Tapia* to habeas review).

The R&R found Plaintiff had waited until the expiration of the one-year limitations period under AEDPA, *see* 28 U.S.C. § 2244(d), and that neither statutory nor equitable tolling applied. The Court has reviewed the R&R and, with a small exception which does not change the outcome, finds it correct.

Plaintiff was denied parole, and appealed the Board of Prison Terms' decision. His administrative appeal of this decision was denied on May 6, 2003, at which time the decision was final. The R&R found the limitations period began to run on May 7, 2003. *See Redd v. McGrath*, 343 F.3d 1077, 1082 (9th Cir. 2003) (holding AEDPA's 1-year limitations period began to run the day after notice of denial of administrative appeal). On November 15, 2006, Petitioner filed his habeas petition in federal court. The R&R correctly found because the one-year limitations period expired on May 8, 2004, Petitioner's federal petition would be more than two years too late unless tolling applied. (R&R at 4:1–3.)

The R&R took note of AEDPA's statutory tolling provision (R&R at 4:7–20) and determined Petitioner's state habeas petition was pending for § 2244(d)(2) tolling purposes from April 12, 2004 when he filed his habeas petition in state court until August 23, 2006 when the state supreme court denied his petition. *See* California Rule of Court 8.532(b)(2)(C). The R&R noted after the tolling period had ended, Petitioner had only 23 days in which to file his petition, but he waited significantly longer. The R&R then concluded "the statutory tolling period does not apply to Petitioner." (R&R at 4:20.) This is not quite correct; what the R&R should have said was that Petitioner was entitled to tolling but that even after applying the tolling period, the petition was late anyway.

Just over eleven months of the limitations period had run when Petitioner filed his habeas petition in state court. Therefore he was entitled to tolling until August 23, 2006 when his state habeas petition was finally denied. Petitioner then had only a brief window of less than a month in which to file his federal habeas petition, yet he waited nearly three months. The petition was therefore time-barred under AEDPA.

With these minor corrections, the court **ADOPTS** the R&R. The petition is **DENIED**.

**IT IS SO ORDERED**.

DATED: January 29, 2009

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge